UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIN ALLIANCE FOR MEDICAL MARIJUANA, a not-for-profit association; JOHN D'AMATO, an individual, MED THRIVE, INC. a not-for-profit cooperative corporation doing business as MedThrive Cooperative; THE JANE PLOTITSA SHELTER TRUST, a revocable living trust; and THE FELM TRUST, an irrevocable living trust; THE DIVINITY TREE PATIENTS' WELLNESS COOPERATIVE, INC., a non profit cooperative corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, Attorney General of the United States; MICHELLE LEONHART, Administrator of the Drug Enforcement Administration; HON. MELINDA HAAG, U.S. Attorney for the Northern District of California,<br><br>Defendants. | Case No: C 11-5349 SBA<br><br>**ORDER RE PLAINTIFFS' AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER** |

On November 4, 2011, Plaintiffs filed the instant action and motion for temporary restraining order ("TRO") and preliminary injunction seeking to prevent the federal government from arresting, prosecuting, or otherwise seeking sanctions or forfeitures against medical marijuana growers and providers who operate under the auspices of California law. Dkt. 1, 5.

At the direction of the Court, the parties met and conferred regarding a briefing schedule on Plaintiff's motion. By letter dated November 10, 2011, Plaintiffs state that the parties agreed that Defendants would file their response to the TRO motion only by no later than November 15, 2011, and that once the TRO is resolved, the parties will meet and

confer regarding a briefing schedule on Plaintiffs' motion for preliminary injunction. Dkt. 20. On November 11, 2011, Plaintiffs filed an amended complaint and amended motion for TRO and preliminary injunction. Dkt. 21, 23. Defendants filed their opposition to Plaintiffs' amended motion for TRO on November 15, 2011. Dkt. 31.

Given the exigent circumstances alleged by Plaintiffs, the Court deems the motion for TRO fully briefed.[1] In addition, given the briefs submitted, a reply brief is unnecessary for the Court to render an informed decision on the TRO request. As such, the parties may not submit any additional memoranda or other filings in connection with Plaintiff's motion for TRO. Any papers filed in contravention of this Order will be stricken by the Court. Pursuant to the Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), the Court may resolve the motion without a hearing.

IT IS SO ORDERED.

Dated: November 16, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The Court notes that Plaintiffs have had ample opportunity to brief the salient issues. Both Plaintiffs' original and amended TRO motions are thirty-one pages in length, which well exceeds the twenty-five page limit imposed by Civil Local Rule 7-2(b), and the fifteen page limit set forth in this Court's Standing Orders. See Dkt. 15 at 5. Plaintiffs neither sought nor obtained prior leave of Court to file oversized briefs. Although the Court would be well within its discretion to strike Plaintiffs' non-compliant briefs, the Court declines to do so at this time. However, Plaintiffs are warned that further transgressions of the Court's Local Rules and/or Standing Order may result in the imposition of sanctions.